UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

| | |
|---|---|
| RONALD LONGALE,<br><br>    Petitioner,<br><br>V.<br><br>FRANCISCO QUINTANA, Warden,<br><br>    Respondent. | Civil Action No. 5: 15-213-KKC<br><br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Ronald Longale is a prisoner at the Federal Medical Center in Lexington, Kentucky. Proceeding without counsel, Longale has filed an original and supplemented petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1, 4] The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).

A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Longale's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). At this stage of the proceedings, the Court accepts the petitioner's factual allegations as true and construes all legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

On November 30, 2011, a federal grand jury sitting in Syracuse, New York issued an indictment charging Longale with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). The indictment specified five prior felony convictions, including two for the

attempted sale of narcotics and another for third-degree burglary. Longale pled guilty to the charge on March 20, 2012, without an agreement. The trial court found that Longale's Criminal History Category was Six because his two drug convictions were for "controlled substance offenses" and his third-degree burglary conviction was for a "crime of violence" under the Sentencing Guidelines. The court accordingly sentenced him to a 78-month term of incarceration on September 19, 2012. *United States v. Longale*, No. 5:11-CR-557-DNH-1 (N.D.N.Y. 2011). The Second Circuit affirmed on direct appeal, concluding amongst other things that his prior New York conviction for third-degree burglary constituted a "crime of violence" under U.S.S.G. § 4B1.2(a)(2)'s residual clause. *United States v. Longale*, No. 12-4004-CR (2d Cir. 2012).

On November 3, 2014, Longale filed a motion to alter or vacate his sentence pursuant to 28 U.S.C. § 2255. Longale indicates that the motion remained pending when he filed his petition in this matter. [R. 1 at 4; R. 4 at 2] This is still the case, as the United States filed its response in opposition to his § 2255 motion on September 21, 2015, and no decision has yet been rendered. *Longale*, No. 5:11-CR-557-DNH-1 (N.D.N.Y. 2011) [R. 38 therein]

In his petition, Longale contends that pursuant to "Johnson v. United States" that "the force clause found in 18 U.S.C. § 924(e)(2)(B) relative to violent force is unconstitutionally vague. This is precisely the statute used to sentence petitioner." [R. 1 at 7]

Longale is likely referring to the Supreme Court's June 26, 2015, decision in *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015), where it held that the "residual clause" of the Armed Career Criminal Act of 1984 ("ACCA") is void for vagueness in violation of the Fifth Amendment because "the indeterminacy of the wide-

2

ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges." *Id*. at 2557. In doing so, the Court clearly stated that "[t]oday's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." *Johnson*, 135 S. Ct. at 2563. However, Longale's reliance upon that decision as a ground for relief in this proceeding is unavailing for several reasons.

First, Longale's petition for relief under 28 U.S.C. § 2241 is premature where his motion under § 2255 remains pending. Because a federal prisoner must challenge the legality of his federal conviction or sentence by filing a motion for post-conviction relief under 28 U.S.C. § 2255, *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003), a habeas corpus petition filed under § 2241 is only permitted where the remedy afforded by § 2255(a) is "inadequate or ineffective" to test the legality of his detention, *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004). The remedy under § 2255 cannot be considered "inadequate and ineffective" where Longale has filed a motion for relief under that section and it is currently pending before the trial court for consideration on the merits. Cf. *Smith v. Butler*, 2015 WL 224925, at *2 (E.D. Ky. Jan. 15, 2015); *White v. Grondolsky*, No. 06-CV-309, 2006 WL 2385358, at *2 (E.D. Ky. Aug. 17, 2006) (finding that petitioner was not entitled to relief under § 2241 where he was simultaneously litigating the validity of his sentence in a pending § 2255 motion); *Reynolds v. Martinez*, No. 09-CV-2509, 2009 WL 3182918, at *1 (3d Cir. Oct. 6, 2009); *United States v. Pirro*, 104 F.3d 297, 300 (9th Cir. 1997).

Second, Longale does not challenge his underlying conviction, but contends that the sentence imposed was excessive. The Sixth Circuit has repeatedly held that "claims of sentencing error may not serve as the basis for an actual innocence claim." *Brown v.*

3

*Hogsten*, 503 F. App'x 342, 343 (6th Cir. 2012) (affirming denial of § 2241 petition challenging ACCA enhancement on ground that prior conviction for burglary did not constitute a "violent felony"); *Reminsky v. United States*, 523 F. App'x 327, 329 (6th Cir. 2013) ("The savings clause under § 2255(e) does not apply to sentencing claims."). Longale's claim is therefore not the sort of "actual innocence" claim falling within the narrow scope of claims cognizable under § 2241. Instead, his claim under *Johnson* is one which he can, and therefore must, pursue under § 2255.

Accordingly, **IT IS ORDERED** that:

1. David Longale's original and supplemented petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1, 4] is **DENIED WITHOUT PREJUDICE**.

2. This action is **STRICKEN** from the Court's docket.

3. The Court will enter an appropriate judgment contemporaneously with this Order.

Entered September 23, 2015.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

4